# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMAR REDMOND,**

    Plaintiff,

    v.                                  Case No. 18-CV-98

**SERGEANT ANDREW MOUNGEY,
CORRECTIONAL OFFICER JACOB DORN,
CORRECTIONAL OFFICER LUND, and
NURSE JENNIFER KACYON,**

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT

Jamar Redmond, a Wisconsin state prisoner representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Docket # 1. He also filed a motion to proceed without prepayment of the filing fee. Docket # 5. On January 31, 2018, Redmond filed an amended complaint. Docket # 7. Under Federal Rule of Civil Procedure 15(a), Redmond is allowed to amend his complaint once as a matter of course. Therefore, his amended complaint is the operative complaint.

The court has jurisdiction to resolve Redmond's motion to proceed without prepayment of the filing fee and screen his amended complaint in light of Redmond's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because Redmond was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On March 6, 2018, I ordered Redmond to pay an initial partial filing fee of $0.98. Docket # 11. Redmond paid that fee on March 26, 2018. Therefore, I will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening of the Complaint*

   2.1 *Allegations*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Redmond alleges that on November 5, 2017, after having been escorted back to his cell by Sergeant Moungey and Officer Dorn, the prison officials attached him to his cell door with a "bullstrap" and physically assaulted him. Docket #7, ¶ 13. After the attack, Moungey aggressively removed the "bullstrap" causing Redmond to suffer a "six inch laceration" on his arm. *Id*. ¶ 14. When plaintiff requested medical treatment for the injury, Moungey responded "good luck with that." *Id*. ¶ 16. Both officers then walked away.

At some point, Redmond saw Nurse Jennifer Kacyon walking by his cell and informed her of his injury. Kacyon told Redmond she would get a bandage for the laceration and then left. She did not return.

Later that day, Redmond pressed the intercom button in his cell and informed the responding officer that he was "going to commit self-harm by overdosing on pills that the

plaintiff ha[d] stored up in his cell." *Id.* ¶ 23. The responding officer told Redmond he would notify the second shift sergeant, which was Moungey.

Sometime thereafter, Dorn went to Redmond's cell and asked "where [are] the pills?" *Id.* ¶ 25. Redmond responded, "I'm not showing you shit." *Id.* ¶ 26. Dorn then walked away from Redmond's cell.

A few minutes later, Officer Lund came to dispense supper trays to the inmates. When he arrived at Redmond's cell, Redmond told Lund that he "was going to commit self-harm by overdosing on pills," and he showed Lund the pills. *Id.* ¶ 30. Lund responded that he "[didn't] care what [Redmond did]." *Id.* ¶ 31. He then walked away from Redmond's cell.

Redmond then took the pills. Seeing Redmond taking the pills, Officer Burns (not a defendant) called for help. Moungey and Dorn came and escorted Redmond to see Kacyon. Kacyon examined Redmond and determined he should be sent to Waupun Memorial Hospital. He was taken to the hospital and treated.

Redmond seeks compensatory and punitive damages.

*2.2 Analysis*

Redmond seems to be alleging that Moungey and Dorn violated his Eighth Amendment right against excessive force. He also seems to be asserting that Moungey, Dorn, Lund, and Kacyon were deliberately indifference to his serious medical needs. I will address each issue in turn.

*Excessive Force Claim*

When a prisoner claims excessive force, the assessment focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Thomas v. Stalter*, 20 F.3d 298, 301 (7th Cir.1994). Redmond alleges that once Moungey and Dorn completed their escort of him back to his cell, they began to attack him after they had secured him to his cell. Thus, Redmond has sufficiently alleged an excessive force claim against Moungey and Dorn. He may proceed with this claim against these defendants.

*Deliberate Indifference Claim*

Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate a prisoner's Eighth Amendment rights when their actions or inactions constitute "deliberate indifference to a substantial risk of serious harm to an inmate." *Id*. at 828. To establish deliberate indifference, the prisoner must allege that (1) he suffered an objectively serious condition; and 2) the defendants were deliberately indifferent to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). "A condition is objectively serious if failure to treat it could result in further significant injury or unnecessary and wanton infliction of pain." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999)) (internal quotation omitted) (collecting cases). Further, an official acts with deliberate indifference when they have "subjective knowledge of the risk to the inmate's health, and…disregard that risk." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Redmond alleges two objectively serious medical conditions, a six inch laceration on his arm and his attempted suicide. At this time, I will construe Redmond's six-inch laceration on his arm was an objectively serious harm. *See Cooper v. Casey*, 97 F.3d 914, 916–17 (7th Cir. 1996) (finding that the failure to treat cuts, severe muscular pain, and a

prisoner's burning sensation in his eyes and skin satisfied the first prong of the *Farmer* test). And "[s]uicide is a serious harm." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) (quotation omitted); s*ee also Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000); *Hall v. Ryan*, 957 F.2d 402, 406 (7th Cir. 1992) (recognizing that prisoners have a constitutional right "to be protected from self-destructive tendencies," including suicide) (citing *Joseph v. Brierton*, 739 F.2d 1244 (7th Cir. 1984)). I must now determine whether Redmond has alleged sufficient facts indicating that any of the defendants were deliberately indifferent to either of those serious medical conditions.

First, Redmond has sufficiently alleged a deliberate indifference claim against Moungey, Dorn and Kacyon with regard to the alleged laceration on his arm. He states that the physical assault he suffered from Moungey and Dorn's resulted in the laceration. But when he requested assistance for it, the officers disregarded his request and walked away. Redmond also made Kacyon aware of his injury; she stated she would return with a bandage; but she did not.

Second, Redmond has sufficiently alleged a deliberate indifference claim against Dorn and Lund with regard to his attempted suicide. He states he made both officers aware of the fact that he had a supply of pills and was planning to take them all. The officers, however, disregarded this threat of self-harm, and Redmond took the pills in an attempt to commit suicide.

**THEREFORE, IT IS ORDERED** that Redmond's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Mr. Walker's

complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants Sergeant Andrew Moungey, CO Jacob Dorn, CO Lund, and Nurse Jennifer Kacyon.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, defendants Sergeant Andrew Moungey, CO Jacob Dorn, CO Lund, and Nurse Jennifer Kacyon shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Redmond shall collect from his institution trust account the $349.02 balance of the filing fee by collecting monthly payments from Redmond's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Redmond transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Redmond's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Redmond is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Redmond shall submit all correspondence and case filings to institution staff, who will scan

and e-mail documents to the Court.[1] If Redmond is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>	Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	362 United States Courthouse
>	517 E. Wisconsin Avenue
>	Milwaukee, Wisconsin 53202

The court further advises Redmond that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 5th day of June, 2018.

>	BY THE COURT:
>
>	*s/Nancy Joseph*
>	NANCY JOSEPH
>	United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.